UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LILIANA DEL CISNE RUEDA TORRES,<br><br>                              Petitioner,<br><br>-against-<br><br>LaDEON FRANCIS, in his official capacity as Acting Field Office Director of New York Immigration and Customs Enforcement, et al.,<br><br>                            Respondents. | 1:25-CV-8408 (DEH)<br><br>ORDER TO ANSWER, 28 U.S.C. § 2241 |

DALE E. HO, United States District Judge:

      Petitioner Liliana Del Cisnes Rueda Torres, who was taken into custody on October 9, 2025, following a hearing at a New York City immigration court, brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. The petition was filed on October 9, 2025, on behalf of Petitioner by "next friend" Fabian Arias.[1]

      The Court, having examined the petition pursuant to 28 U.S.C. § 2241, filed on behalf of Liliana Del Cisne Rueda Torres, hereby **ORDERS** that:

      **The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York that this order has been issued, including at the following email address: jeffrey.oestericher@usdoj.gov.** The Clerk shall also mail a copy of this Order to Petitioner's next friend Fabian Arias at the address provided on the Petition.

---

[1] A petition for a writ of *habeas corpus* may be brought either "by the person for whose relief it is intended or by someone acting in his [or her] behalf." 28 U.S.C. § 2242. When the petition is brought by a person other than the one seeking relief, the "next friend" must demonstrate that he or she has standing to act on the person's behalf.

> First a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

*Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (citations omitted). "Although a significant relationship with the real party in interest is *relevant* to the appointment of a next friend, it is neither required nor dispositive." *Doe v. Hochul*, 139 F.4th 165, 178 (2d Cir. 2025) (emphasis in original).

**Within 60 days of the date of this order, the U.S. Attorney's Office shall file an answer or other pleading in response to the petition. Petitioner may file reply papers, if any, within 30 days from the date Petitioner is served with Respondent's answer.** The Court further directs Respondents to promptly notify the Court of the location where Petitioner is detained and to continue promptly to update the Court of any change of location.

**To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from the United States unless and until the Court orders otherwise.** *See, e.g.*, *Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act [28 U.S.C. § 1651] authorizes a federal court to protect that jurisdiction")[2]; *Garcia-Izquierdo v. Gartner*, No. 04 Civ. 7377, 2004 WL 2093515, at *2 (S.D.N.Y. Sept. 17, 2004) (observing that, under the All Writs Act, 28 U.S.C. § 1651, a district court "may order that a petitioner's deportation be stayed . . . when a stay is necessary to preserve the Court's jurisdiction of the case"); *Khalil v. Joyce*, No. 25 Civ. 1935, ECF No. 9 (S.D.N.Y. Mar. 10, 2025) (barring the government from removing petitioner from the United States until the Court could address his claim); *cf. Michael v. I.N.S.*, 48 F.3d 657, 661-62 (2d Cir. 1995) (holding that the All Writs Act provides a federal court of appeals reviewing a final removal order with a basis to stay removal).

All counsel are required to register promptly as filing users on ECF. **All counsel must familiarize themselves with the Court's Individual Rules, which are available at https://nysd.uscourts.gov/hon-dale-e-ho.** Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours before the deadline or conference. The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

SO ORDERED.

Dated: October 11, 2025
      New York, New York

                                          DALE E. HO
                                   United States District Judge

---

[2] In all quotations from cases, citations, footnotes, brackets, ellipses, and emphases are omitted unless otherwise indicated.