UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LILIANA DEL CISNE RUEDA TORRES,<br><br>Petitioner,<br><br>-against-<br><br>LaDEON FRANCIS, in his official capacity as Acting Field Office Director of New York Immigration and Customs Enforcement, et al.,<br><br>Defendants. | 25-CV-8408 (DEH)<br><br>ORDER GRANTING PRO BONO COUNSEL |

DALE E. HO, United States District Judge:

    Petitioner Liliana Del Cisne Rueda Torres filed a petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, on October 9, 2025, through her next friend, Fabian Arias, while Petitioner was present in the Southern District of New York. (ECF 1.) On October 14, 2025, the Court directed the Government to show cause, by October 17, 2025, why the petition should not be granted pursuant to this Court's decision in *Lopez Benitez v. Francis*, No. 25-CV-5937 (DEH), 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025). (ECF 6.) The Government submitted a response, memorandum of law, and declaration (ECF 9-11), and informed the Court that on October 10, 2025, Petitioner was transferred to the South Louisiana ICE Processing Center, 3843 Stagg Avenue, Basile, Louisiana, 70515, where she remains. (ECF 11 at 4.) By order dated October 21, 2025, the Court vacated its original briefing schedule and directed Petitioner to file a Reply Brief in Support of the Petition by December 22, 2025. (ECF 13.)

    The Court has considered the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986) in deciding whether to seek *pro bono* counsel for Petitioner, which include: "(1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether

the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir. 2011).

The Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Petitioner. In particular, Petitioner's abilities to present her case and conduct any related fact investigation are significantly limited due to her incarceration and the emergency nature of her petition. Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues[.]" *Hodge*, 802 F.2d at 61.

Accordingly, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case. It should be noted that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant *pro bono*. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). There is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, Petitioner should be prepared to proceed with the case *pro se*. If an attorney volunteers, the attorney will contact Petitioner, or her next friend, directly.

If Petitioner has already successfully secured counsel on her own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, she should inform the Court as soon as possible.

Should Petitioner obtain counsel, the Court may shorten any deadlines that currently reflect Petitioner's pro se status.

The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

## CONCLUSION

For the foregoing reasons, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case.

The Clerk of Court is respectfully directed to electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York that this order has been issued, including at the following email address: jeffrey.oestericher@usdoj.gov.  The Clerk of Court is further directed to send by regular mail a copy of this order to the Petitioner in care of her next friend, Fabian Arias, at 555 Kappock Street, 11A Bronx, New York 10463.[1]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 22, 2025
         New York, New York

                                                          _____
                                                          DALE E. HO
                                                          United States District Judge

---

[1] As Petitioner's next friend, Arias may receive court documents by email by completing a Consent to Electronic Service form. If Arias consents to receive documents by email, Arias will no longer receive court documents by regular mail.