MEMO ENDORSED

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 15, 2026

By ECF
The Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Rueda Torres v. Francis, et al.*, No. 25 Civ. 8408 (DEH)

Dear Judge Ho:

This Office represents respondents (the "Government") in this habeas corpus action, in which petitioner Liliana Del Cisne Rueda Torres ("Petitioner") challenged her detention by U.S. Immigration and Customs Enforcement. Petitioner filed a motion seeking attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 40. I write respectfully to request that this Court hold Petitioner's motion in abeyance pending the Supreme Court's decision in *Montoya Palacios v. Liggins*, No. 25-1223. Petitioner's counsel has informed undersigned counsel that Petitioner opposes this request.

Like this case, *Montoya Palacios* involves a petition for attorneys' fees under EAJA following a successful petition for writ of habeas corpus challenging immigration detention. The issue in *Montoya Palacios* is whether, under EAJA, the phrase "any civil action," 28 U.S.C. § 2412(d)(1)(A), encompasses habeas petitions challenging immigration detention.

The Second, Third, and Tenth Circuits have held that habeas proceedings are "civil actions" for purposes of EAJA. *See Vacchio v. Ashcroft*, 404 F.3d 663, 668 (2d Cir. 2005); *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 432 (3d Cir. 2026), *rehearing en banc denied*, 169 F.4th 160 (3d Cir. 2026); *Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025), *rehearing en banc denied*, (10th Cir. Apr. 3, 2026).[1] The Government, however, maintains—consistent with case law out of the Fourth and Fifth Circuits, *see Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023); *Obando-Segura v. Garland*, 999 F.3d 190, 197 (4th Cir. 2021)—that Petitioner is not eligible for attorneys' fees because habeas proceedings are not encompassed within the EAJA phrase "any civil action."

Because this case presents the same issue as *Montoya Palacios*, the Supreme Court's

[1] While the Ninth Circuit allowed attorneys' fees under EAJA following a successful habeas petition in *In re Hill*, that case is inapposite to the circuit split because the petitioner there was not in custody and filed a habeas petition to challenge the denial of an application to enter the United States. 775 F.2d 1037, 1039–41 (9th Cir. 1985). Modern statutes do not allow habeas petitions to be used for that purpose. *Hill* is therefore limited to its unique facts.

decision in that case, with briefing already to begin in August 2026, will inform the outcome of Petitioner's attorneys' fees motion. Holding Petitioner's motion in abeyance promotes judicial efficiency and conserves judicial resources. *See Consumer Fin. Prot. Bureau v. MoneyGram Int'l, Inc.*, No. 22 Civ. 3256 (KPF), 2022 WL 17547438, at *2 (S.D.N.Y. Dec. 9, 2022) ("Courts within this Circuit have routinely stayed cases 'when a higher court is close to settling an important issue of law bearing on the action.'" (quoting *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012))). Further, Petitioner will not suffer any prejudice if this abeyance request is granted because Petitioner was released due to this Court's grant of Petitioner's habeas petition. *See* ECF No. 25 (letter confirming release).

For the foregoing reasons, the Government respectfully requests that the Court hold Petitioner's attorneys' fees motion in abeyance until 30 days after the Supreme Court issues a decision in the pending *Montoya Palacios* case. Should this request be denied, the Government requests that its response brief be due seven days from the date of the order denying this motion.

I thank the Court for its consideration of this letter.

**In light of binding Second Circuit precedent on this issue and the already lengthy delays in the briefing on fees in this case, the motion to stay is DENIED. *See Vacchio v. Ashcroft*, 404 F.3d 663, 668 (2d Cir. 2005). The Clerk of Court is respectfully directed to terminate ECF No. 43.**

**SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: July 16, 2026
New York, New York

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: */s/ Jessica F. Rosenbaum*
JESSICA F. ROSENBAUM
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2777
E-mail: jessica.rosenbaum@usdoj.gov
*Attorney for Respondents*

cc: Counsel of Record (by ECF)